UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | CASE NOS.  05-42040-BKC-AJC through |
| | 05-42049-BKC-AJC |
| EPIXTAR CORP., | (Jointly Administered) |
| Debtor. | |
| | CHAPTER 11 |
| _____/ | |
| EPIXTAR CORP., | ADV. No.  08-01208-AJC |
| Plaintiff, | |
| v. | |
| MCCLAIN & COMPANY, L.C., and CBIZ, INC., | |
| Defendants. | |
| _____/ | |

### EPIXTAR CORP.'S MOTION TO STRIKE OR DEFER CONSIDERATION OF DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Epixtar Corp., respectfully moves to strike or defer consideration of the Defendants' Supplemental Motion for Summary Judgment on the ground that consideration of it at this time will cause further delay in the hearing on Epixtar's motion for summary judgment, filed on May 22, 2009.  In addition, in making this filing, Defendants, yet again, ignore this Court's orders on bifurcation of liability and damages discovery and on expert reports.  In support of this Motion Epixtar states, as follows:

1.  On July 28, 2009, Defendants filed their Supplemental Motion For Summary

Judgment ("Supplemental Motion") (DE 396) under seal.[1]  This Motion was filed 50 days after Defendants filed their summary judgment motion on June 8th (DE 345) and 3 days before Epixtar's Response was due on July 31st.  (Epixtar filed its Response on July 31st.  See DE 401 and DE 402.)  The Supplemental Motion is over 20 pages long and attaches 13 exhibits.

2.  The hearing before the Court on the parties' pending summary judgment motions is set for August 20, 2009.  Consideration of the Supplemental Motion will likely cause a further continuance as, given the Supplemental Motion's broad scope, Epixtar will require additional time to respond, and Defendants will certainly want additional time to reply.  This hearing, which was originally scheduled on June 24th, has already been continued twice, both times at the request of the Defendants, because of the defense lawyers' vacation plans.  Yet another continuance, because Defendants have chosen at this late date to file this Supplemental Motion, will unfairly prejudice Epixtar, which filed its Motion For Partial Summary Judgment on May 22nd (DE 326).  Epixtar's motion will have been pending for over three months by the time of the August 20th hearing.

3.  There is a second, more substantive problem with Defendants' Supplemental Motion.  In it, the Defendants, once again, completely ignore the Court's orders on the timing of expert and financial discovery.  The Supplemental Motion presents additional arguments why Epixtar is not entitled to damages.  Defendants argue here that Epixtar's damages are not a consequence of their actions, but a product of the financial problems which caused Epixtar to file bankruptcy and everything else of significance which has happened until now in the bankruptcy.  Thus, these arguments require consideration of what has taken place in the last three and three quarter years of the bankruptcy proceeding and, indeed, during the previous five years of Epixtar's financial

---

[1] The Supplemental Motion attaches, in part, documents designated confidential under the parties Stipulated Confidentiality Order.  This Motion will not discuss any of those documents.

history. A full response requires expert testimony on damages. However, these are precisely the issues and categories of discovery which the Court has already ruled should be deferred until after the pending summary judgment motions are decided or taken under consideration for further ruling.

4. At the hearing on June 2nd, the Court heard argument on Epixtar's motion to bifurcate further discovery on liability and damages until after resolution of the summary judgment motions. At the conclusion of the hearing, the Court directed the parties to submit draft orders on whether that motion should be granted. The parties did so (on June 26th), and consideration of that motion remains pending. Since that date, despite the pendency of the Court's consideration of that motion, the Defendants have filed three more motions to compel financial discovery, requiring two more hearings. At a hearing on July 2nd, the Court denied two of the motions to compel. (One motion sought to require Epixtar to provide its expert report on damages;[2] the other to require it to provide additional responses to financial discovery - the same motion it had filed last January and resolved by agreement). The Court ordered that consideration of them will be stayed until after its ruling on the parties' summary judgment motions. (See Order Staying Ruling On Motion To Compel Discovery, DE 384.) At a hearing on July 20, 2009, the Court deferred consideration of a defense motion to stay consideration of the pending discovery bifurcation motion under after the resolution of the summary judgment motions. At no time, during any of these hearings, did the Defendants tell the Court that they were preparing a Supplemental Motion covering this same ground.

5. In sum, consideration of the arguments in the Supplemental Motion requires the preparation of expert reports and, potentially engaging in extensive additional discovery, which

---

[2] That motion also ignored the Court's August 5, 2008, order staying the requirement that the parties file expert reports until the setting of new pretrial and trial deadlines. DE 86.

the Court has already ruled, in substantial part, should be deferred.  Defendants may be entitled to make these arguments at a later date, if summary judgment on the parties' pending motions is not granted.  They should not, however, be permitted to make them now, causing further delay, in light of the Court's discovery rulings to date and the current status of discovery.

6. Defendants do not agree to withdraw the Supplemental Motion.  On Sunday, August 2nd, Epixtar's counsel asked their position on staying consideration of the Supplemental Motion.  They have not responded.

WHEREFORE, Epixtar respectfully requests that this motion be granted.

**I HEREBY CERTIFY** that the undersigned attorney is appearing pro hac vice in this matter pursuant to court order dated May 9, 2007.

Respectfully submitted,

MOSCOWITZ & MOSCOWITZ, P.A.
Counsel to Plaintiff Epixtar Corp.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, Florida  33131
Tel: (305)379 - 8300
Fax: (305)379 - 4404

By: s/Norman A. Moscowitz
  Norman A. Moscowitz
  Florida Bar No.: 765643
  nmoscowitz@mmmpa.com
  Jane W. Moscowitz
  Florida Bar No.: 586498

DATE: August 3, 2009       jmoscowitz@mmmpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below, either via transmission of Notices of Electronic Filing generated by CM/ECF or if not authorized to receive electronically Notices of electronic filing, sent via e-mail:

Kenneth S. Pollock, Esq.
Shendell & Pollock, P.L.
621 NW 53rd Street, Ste 310
Boca Raton, FL 33487

Samuel S. Lewis, Esq.
4000 Ponce de Leon Blvd., Suite 570
Coral Gables, Florida 33146l

Jerry M. Markowitz, Esq.
Ross R. Hartog, Esq.
Markowitz, Davis, Ringel & Trusty, P.A.
9130 S. Dadeland Blvd, Ste 1225
Miami, FL 33156

    s/Norman A. Moscowitz
    Norman A. Moscowitz