

**ORDERED in the Southern District of Florida on August 13, 2009.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.  05-42040-BKC-AJC through |
| | 05-42049-BKC-AJC |
| EPIXTAR CORP., | (Jointly Administered) |
| Debtor.                                  / | CHAPTER 11 |
| EPIXTAR CORP., | ADV. NO.  08-01208-BKC-AJC |
| Plaintiff, | |
| v. | |
| MCCLAIN & COMPANY, L.C., CBIZ, INC.,and MICHAEL DESIATO, | |
| Defendants.                            / | |

**MEMORANDUM OPINION GRANTING MOTION
TO BIFURCATE DISCOVERY PROCEEDINGS INTO SEPARATE
LIABILITY AND DAMAGES STAGES, GRANTING REQUEST FOR PARTIAL STAY
TO RESPOND TO DEFENDANTS' DOCUMENT SUBPOENA AND DENYING
MOTIONS TO DEFER AND COMPEL**

**THIS CAUSE** came before the Court for hearing upon the Debtors' motion to bifurcate

(CP 286) and upon a Joint Motion By Debtors ("Epixtar") and Kluger, Peretz, Kaplan & Berlin,

P.L. ("Kluger") to Schedule Status Conference Regarding Production Of Documents By Kluger (CP 320), and Defendants' Response and Motion To Compel Production Of Documents By Kluger (CP 325) and Motion to Defer (CP 370).  Kluger is counsel for the Debtor herein.

At the hearing, Kluger argued that production by it in response to the Defendants' document subpoena, even as subsequently narrowed by defense counsel, would be burdensome and unduly expensive to the Debtor.  It would entail review of thousands of e-mails and production of thousands of pages of documents, many of which would have to be redacted as they contain attorney notations and comments.[1]  Moreover, many of these documents are covered by confidentiality agreements reached with third parties during this bankruptcy case.

Kluger and Debtor advise that these concerns do not arise with regard to e-mails and documents which relate to the issue of liability, and represent that Kluger has already produced, both directly and through Epixtar pursuant to its discovery obligations, all such documents relating to liability.  However, Kluger asserts that production of documents and e-mails relating to damages is a much larger category of documents.  Kluger and Epixtar argue that damages discovery, including the preparation and discovery of expert testimony, is potentially far broader, more time-consuming and more costly than liability discovery.  Epixtar has filed a motion for partial summary judgment as to liability and is requesting the Court bifurcate discovery at this juncture with regard to liability and damages, staying discovery on the issue of damages.  Kluger and Epixtar propose that a ruling on the issue of damages be postponed until after the Court rules on the summary judgment motions relating to liability.

The Defendants oppose bifurcation, arguing that liability and damages cannot

---

[1] The Defendants agree that they are not seeking production of privileged materials.

meaningfully be separated. The Defendants request the Court defer ruling on the motion to bifurcate pending the outcome of the summary judgment motions. However, the Defendants continue to seek discovery with regard to the issue of damages.

The distinction between liability and damages is one which is commonly made in litigation. Here, Epixtar's motion for summary judgment on liability is appropriate under Fed.R.Civ.P. 56(d)(2), which recognizes that "an interlocutory summary judgment" may be rendered on liability alone, even if damages are at issue. Defense counsel argues that this same distinction cannot be made in an accounting malpractice case. The Court disagrees. This case does not only involve malpractice claims but includes claims for breach of contract and tortious interference with contract. The Court believes Rule 56(d)(2), as incorporated in FRBP 7056, applies in this proceeding and the issue of liability can be determined first, prior to the issue of damages. Staying discovery on the damages issue, until after consideration of the parties' pending motions for summary judgment, will expedite the proceedings and will serve the goals of judicial economy and convenience.

The Court has the authority to bifurcate issues pursuant to Fed.R.Civ.P. 42(b) and FRBP 7042 and to bifurcate discovery under Fed.R.Civ.P. 26 and FRBP 7026. Rule 42 (b) provides, in pertinent part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

The decision to bifurcate is committed to the sound discretion of the Court. *Harrington v. Cleburne County Board of Education*, 251 F.3d 935, 938 (11th Cir. 2001) (Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely 'in furtherance of

convenience.' This is not a high standard . . . .") Only one of the criteria need be met to justify bifurcation. *Treece v. Hochstetler*, 213, F.3d 360, 365 (7th Cir. 2000). Damages are often bifurcated from the determination of liability. *See Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 29 (N.D.N.Y 1993). As one district court observed,

> One of the purposes of bifurcation under Rule 42(b) is to defer costly discovery and trial preparation costs pending the resolution of preliminary liability issues. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 587 F. Supp. 1112, 1117 (D. Del. 1984). When it is appropriate to sever the damages and willfulness issues from the trial of the merits of the liability case, discovery on those issues may also be stayed. *See Haworth, Inc. v. Herman Miller Inc.*, 1993 U.S. Dist. LEXIS 20427, 32 U.S.P.Q.2D (BNA) 1365, 1367 (W.D. Mich. 1993). As the court in *Industrias Metalicas Marva* observed, simplification of discovery is the "major benefit" of bifurcation. 172 F.R.D. at 4.

*Novopharm Ltd. v. TorPharm, Inc.*, 181 F.R.D. 308, 312 (E.D.N.C. 1998). Voluminous document production and costs of experts are also grounds for the bifurcation of damages discovery. *See F & G Scrolling Mouse L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 389 (M.D.N.C. 1999); *Smith v. Alyeska Pipeline Service Co.,* 538 F. Supp. 977, 983 (D. Del. 1982).

In this case, the Defendants seek wide-ranging discovery on damages. They have sought financial and transactional records from Epixtar covering nearly a decade of its existence, including a substantial volume of records relating to its bankruptcy case. As a Chapter 11 debtor, Epixtar can ill-afford the costs of producing documents in response to these expansive and expensive requests, particularly where liability is not a certainty. Moreover, expert discovery on damages will be a substantial expense. Both Epixtar and the Defendants have each moved for summary judgment on the issue of liability. If this Court determines that there is no liability, there will be no need for that expensive and time consuming discovery.

In a ruling fully applicable here, the district court for the Northern District of Illinois

bifurcated discovery on liability and damages in a patent infringement case on the ground that doing so would speed the proceeding and be less expensive for the parties. As the court explained,

> The Court has the inherent power to control its docket. Separating the issues of liability and damages for the purposes of discovery will avoid unnecessary time and expense and further the interest of expedition by expediting the decision on liability. A verdict of no liability for infringement would render discovery on the damages issue unnecessary. . . . Thus, should plaintiff fail to establish liability in this case, the savings in time and costs with regard to discovery and discovery management would benefit both the parties and the Court.
>
> It is clear, based on the breadth of the discovery requests, that the defendants would expend substantial amounts of time and resources responding to the discovery requests on damages. Continuation of discovery on the issue of damages would necessitate considerable operating costs in hiring accountants, researching, and calculating at a time when the development site is not even complete. Because, as noted above, the distinct possibility exists that the issue of damages will never be reached, bifurcating discovery as to liability from that of damages will serve the goals of convenience, expedition and economy. Moreover, evidence necessary to establish liability will nominally, if at all, overlap with evidence relating to damages and therefore the risk of duplication and delay is minimal.

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 U.S. Dist. LEXIS 4698 (N.D. Ill. Mar. 22, 2004).

All that is currently sought is a stay of the damages phase of this case. At this juncture, it is clear that judicial economy is served by first determining liability, if possible, before the parties embark on lengthy and expensive damages discovery and litigation. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.   The motion to bifurcate discovery (CP 286) and the motion to schedule status conference (CP 320) are GRANTED; and, all discovery relating to damages is

stayed pending the outcome and Court ruling on the parties' pending motions for summary judgment. If the Court denies both parties' motions for summary judgment, then the stay shall remain in effect with respect to discovery of damages, pending a ruling on the issue of liability at trial.

2. The motion to defer (CP 370) and motion to compel (CP 325) are accordingly DENIED; but, to the extent it has not already done so, Kluger shall produce all requested documents relating to liability; but Kluger's obligation, if any, to produce documents relating to damages is stayed pending resolution of the summary judgment motions.

###

**Copies to:**

Norman A. Moscowitz, Esq.

[Attorney Moscowitz is directed to serve a immediately serve a copy of this order upon all interested parties and file a certificate of service].